# The Supreme Court of South Carolina

In the Matter of William E. Hopkins, Jr., Respondent.

Appellate Case No. 2021-000261

---

## ORDER

---

By opinion dated July 7, 2021, this Court disbarred Respondent. *In re Hopkins*, Op. No. 28042 (S.C. Sup. Ct. filed Jul. 7, 2021) (Shearouse Adv. Sh. No. 23 at 9). Thereafter, this Court granted Respondent's petition for rehearing following the discovery that our July 7, 2021 decision was made without the benefit of existing mitigating evidence, which was submitted to the Office of Disciplinary Counsel (ODC), but which ODC failed to provide to the Commission on Lawyer Conduct or to this Court. *In re Hopkins*, S.C. Sup. Ct. Order dated Aug. 19, 2021. The matter was reheard on October 11, 2021, and after careful consideration of all mitigating evidence, we hereby substitute the attached opinion for the previous opinion, which is withdrawn.

s/ Donald W. Beatty                        C.J.

s/ John W. Kittredge                         J.

s/ Kaye G. Hearn                            J.

s/ John Cannon Few                       J.

James, J., not participating.

Columbia, South Carolina
November 10, 2021

In the Matter of William E. Hopkins, Jr., Respondent.

Appellate Case No. 2021-000261

Opinion No. 28042
Submitted June 17, 2021 – Filed July 7, 2021
Withdrawn, Substituted, and Refiled November 10, 2021

**DEFINITE SUSPENSION**

Disciplinary Counsel John S. Nichols and Deputy
Disciplinary Counsel Carey Taylor Markel, both of
Columbia, for the Office of Disciplinary Counsel.

Joseph Preston Strom, Whitney Boykin Harrison, and
John R. Alphin, all of Columbia, for Respondent.

**PER CURIAM:** In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, Respondent admits misconduct and consents to any sanction set forth in Rule 7(b), RLDE. We accept the Agreement and definitely suspend Respondent from the practice of law for a period of three years.

**I.**

Respondent was admitted to practice in 1993 and has no prior disciplinary history. Respondent admits he transferred money from his trust account to cover payroll and operating expenses for his law firm eleven times from November 30, 2017, to July 13, 2018, in the total amount of $95,981.46. Respondent acknowledges he was using client money to keep his law firm afloat and states he always intended to repay the money. Respondent began to repay the trust account on June 26, 2018,

and completely repaid the account on September 30, 2018. The trust account has been reconciled, and all monies have been repaid. Respondent has turned over all accounting and bookkeeping functions to a licensed Certified Public Accountant and has given all trust account responsibilities to another lawyer in the firm. Respondent has also completed the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School. Throughout the disciplinary investigation, Respondent was responsive and fully cooperative.

Respondent admits his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (requiring the safekeeping of property) and Rule 8.4 (prohibiting misconduct). Respondent further admits he failed to comply with Rule 417, SCACR (establishing financial recordkeeping requirements). Respondent admits his conduct constitutes grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (prohibiting violations of the Rules of Professional Conduct). In light of Respondent's admissions of misconduct, we accept the Agreement, and turn now to the issue of the appropriate sanction.

## II.

In connection with the Agreement, Respondent submitted an affidavit in mitigation, which revealed that, at the time of the misconduct, Respondent was suffering from undiagnosed mental and physical health conditions which caused cognitive and neurological deficits.[1] Specifically, Respondent submitted a report from Dr. Robert McCarthy, a PhD, Licensed Professional Counselor, and Certified Clinical Mental Health Counselor, who diagnosed Respondent with persistent depressive disorder and Attention-Deficit/Hyperactivity Disorder (ADHD), a

---

[1] Following the issuance of our withdrawn July 7, 2021 opinion in this matter, Respondent filed a petition for rehearing urging the Court to reconsider the sanction in light of the mitigating evidence he provided to ODC. It was thereafter discovered that ODC never submitted this mitigating evidence to the Commission on Lawyer Conduct (Commission) or this Court. Indeed, ODC admits it "inexplicably" failed to include Respondent's affidavit in mitigation with the other case file materials when the matter was submitted to the Commission for review and recommendation under Rule 21(c), RLDE, Rule 413, SCACR. Due to ODC's failure, neither the Commission nor this Court had the benefit of reviewing Respondent's mitigating information in considering the Agreement and the appropriate sanction. In ODC's return and at rehearing, Disciplinary Counsel has assured this Court that ODC and the Commission have both implemented new internal procedures to avoid omissions of this type in the future.

neurological brain disorder characterized by inattention and impulsivity that interferes with one's functioning. As a result of these diagnoses, Respondent has undertaken a course of clinical treatment known as Low Energy Neurofeedback (LENS). Since 2018, Respondent has received more than fifty LENS treatments, which have improved his symptoms. Respondent testified at rehearing that he is committed to his treatment and plans to continue it indefinitely.

Respondent also consulted with psychiatrist Donna S. Maddox, M.D., and underwent a physical examination, cognitive tests, and blood tests. Dr. Maddox diagnosed Respondent with a motor tic disorder, an unspecified neurocognitive disorder secondary to B12 deficiency, pernicious anemia, hypothyroidism, and depression. Respondent now takes multiple medications to treat his conditions. Of the five listed diagnoses, all but the motor tic disorder have negative effects on cognitive function. In her report, Dr. Maddox opined, to a reasonable degree of medical certainty, "[i]t is likely that [Respondent's] neurocognitive impairment [] contributed to the poor judgment and decision-making."

At the rehearing, Respondent testified credibly that he is remorseful and regrets he did not recognize and treat his symptoms sooner, rather than withdrawing and isolating himself from the support of family, friends, and colleagues. Respondent explained that at the time of the misconduct, "personally and professionally, I was spiraling. It is so unfortunate it took a catastrophe like this for me to get the help I needed." Respondent testified that he plans to continue treatment "for the rest of [his] life" and believes he can make positive contributions to the legal profession if he is allowed to practice law again. Respondent also submitted five character affidavits from long-serving and well-respected members of the Bar, who acknowledged Respondent's misconduct and attested to Respondent's remorse, good character, fitness to practice law, and long history of service to the community and the legal profession.

Although these mitigating circumstances do not, in any way, excuse Respondent's misconduct, we find Respondent adequately demonstrated his undiagnosed mental and physical conditions contributed to his commission of unethical conduct, and therefore, we consider these circumstances in determining the proper sanction to be imposed.

### III.

In light of Respondent's admitted misconduct and related mitigating circumstances, we find a definite suspension of three years is the appropriate sanction.

Accordingly, we definitely suspend Respondent from the practice of law for a period of three years, retroactive to July 7, 2021.[2]

**DEFINITE SUSPENSION**

**BEATTY, C.J., KITTREDGE, HEARN and FEW, JJ., concur. JAMES, J., not participating.**

---

[2] We note Respondent has previously filed an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR, and there are no outstanding costs related to the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.